## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

AARON ROBERT RAYMOND,
    *Plaintiff,*

      v.                               No. 3:24-cv-1098 (VAB)

MANCHESTER POLICE DEPARTMENT,
    *Defendant.*

### RULING AND ORDER ON MOTION TO DISMISS

Aaron Robert Raymond ("Plaintiff") has sued the Manchester Police Department ("Defendant") for "false imprisonment and false arrest" and "excessive force." Notice of Removal, ECF No. 1-3 (Jun. 25, 2024) ("Compl.").

Defendant has filed a motion dismiss the Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 16-1 (Aug. 1, 2024) ("Mot. to Dismiss").

For the following reasons, the motion to dismiss is **GRANTED**.

Mr. Raymond's claims against Manchester Police Department are dismissed with prejudice.

To the extent that Mr. Raymond can remedy the deficiencies identified in this Complaint, he may seek leave to file an Amended Complaint by **January 10, 2025**, and attach any proposed Amended Complaint to that motion. If he fails to move for leave to file an Amended Complaint by **January 10, 2025**, or seeks such leave and fails to attach the proposed Amended Complaint to that motion by **January 10, 2025**, this case will be dismissed with prejudice.

# I.    FACTUAL AND PROCEDURAL BACKGROUND

## A.  Factual Allegations

Mr. Raymond alleges that at an unspecified time in 2023, officers of the Manchester

Police Department tazed him during an arrest. Compl. at 1. He claims that this arrest caused him

public embarrassment and delayed his surgery.[1] *Id.* He claims that the Manchester Police

Department's actions led to "another year of [his] unemployment over court dates," and

"ruin[ed] [his] image in Manchester, CT." *Id.* at 3. Mr. Raymond allegedly pled not guilty to the

offense and the Manchester Police Department "lost their case against [him]." *Id.* Mr. Raymond

also alleges that he paid $800 to his mother for the $10,000 bail she posted on his behalf, and

that "Chief [William] Darby at the Manchester Police Department" did not financially

compensate him. *Id.* Mr. Raymond alleges that this violated his "USA Constitutional Rights, as

well as Civil Rights." *Id.* He further alleges that "[o]n another occasion recently with

[Manchester Police Department] police they did not read [him his] Miranda rights." *Id.* Mr.

Raymond seeks $25 million in damages. *Id.* at 2.

## B.  Procedural History

On April 25, 2024, Mr. Raymond filed his Complaint in Connecticut Superior Court,

Judicial District of Hartford. Compl.

On June 25, 2024, Defendant removed the case to federal court. Not. of Removal, ECF

No. 1 (Jun. 25, 2024).

On August 1, 2024, Defendant filed its motion to dismiss the Complaint. Mot. to

Dismiss, ECF No. 16 (Aug. 1, 2024); Mot. to Dismiss.

---

[1] In a later filing, titled Notice of Demand, Mr. Raymond alleges that his charge was "misuse of 911." Notice of
Demand, ECF No. 24 (Sept. 30, 2024) at 1. Later in the filing, he claims that he "call[ed] 911 about a business . . .
stealing tip money." *Id.* at 6.

On August 5, 2024, Mr. Raymond filed an objection to the motion to dismiss. Obj. to Mot. to Dismiss, ECF No. 19 (Aug. 5, 2024) ("Obj.").

On August 8, 2024, Defendant filed a reply. Reply, ECF No. 21 (Aug. 8, 2024) ("Reply").

On October 1, 2024, Mr. Raymond filed a second objection to the motion to dismiss. Second Obj. to Mot. to Dismiss, ECF No. 25 (Oct. 1, 2024).

On October 16, 2024, Defendant filed a response to Mr. Raymond's second objection. Resp. to Second Obj. to Mot. to Dismiss, ECF No. 26 (Oct. 16, 2024).

On October 17, 2024, Mr. Raymond field a third objection, which the Court construed as a sur-reply. Third Obj. to Mot. to Dismiss, ECF No. 27 (Oct. 17, 2024) ("Sur-Reply"); *see also* Order, ECF No. 28.

## II.    STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a

complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

Complaints filed by pro se plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d at 474) (internal quotation marks

omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III.    DISCUSSION

Manchester Police Department argues that Mr. Raymond's Complaint must be dismissed "because: (1) [it] is not a suable entity; and (2) the complaint does not contain sufficient allegations to infer there was a lack of probable cause – a complete defense to all claims asserted." Mot. to Dismiss at 1.

Mindful of Mr. Raymond's *pro se* status and the special solicitude afforded to *pro se* litigants, *see Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training."), Mr. Raymond's pleadings suggest claims arising out of two types of alleged injuries: (1) the alleged use of excessive force during his arrest, and (2) an allegedly unlawful arrest.

Thus, the Court will consider whether Mr. Raymond has pled a claim under Section 1983 or Connecticut law for excessive force, false arrest, and malicious prosecution against the individuals involved in his arrest.

### A.  The Issue of Whether Manchester Police Department Is a Proper Defendant

Manchester Police Department claims that because it is a municipal police department, it "is not a proper party to this lawsuit, and all claims against it must be dismissed." Mot. to Dismiss at 4.

The Court agrees.

While "[a] municipality is subject to suit pursuant to 42 U.S.C. § 1983[,] [a] municipal police department, however, is not a municipality nor a 'person' within the meaning of section

1983." *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163–4 (D. Conn. 2005) (citations omitted). "Because a municipal police department is not an independent legal entity, it is not subject to suit under section 1983." *Id.* at 164; *see also Reed v. Hartford Police Dep't*, No. 3:03CV2147 (SRU), 2004 WL 813028, at *2 (D. Conn. Apr. 6, 2004) ("[A] municipal police department is not a 'person' within the meaning of section 1983 and not subject to suit") (collecting cases); *Knight v. Hartford Police Dep't*, No. 3:04CV969 (PCD), 2006 WL 1438649, at *24 (D. Conn. May 22, 2006) (dismissing Section 1983 claim against Hartford Police Department); *Belton v. Wydra*, No. 3:17CV2006(KAD), 2019 WL 2162718, at *4 (D. Conn. May 17, 2019) (dismissing claims against the Hamden Police Department, the Hamden Police SWAT Unit, Hamden Police Emergency Service Unit and Hamden Police Street Interdiction Unit)

Likewise, "[c]ourts in Connecticut have held that the 'Connecticut General Statutes contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued ... Rather, pursuant to Connecticut enabling legislation, it is the municipality itself which possesses the capacity to sue and be sued.'" *Rose v. City of Waterbury*, No. 3:12-CV-291 VLB, 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) (quoting *Arteaga v. Town of Waterford,* No. HHDX07CV5013377S, 2010 WL 1611377, at *9 (Conn. Super. Ct. Mar. 16, 2010) *and Eloi v. Gagnon*, No.CV074030795, 2007 WL 4686489, at *2 (Conn. Super. Ct. Dec. 3, 2007) (collecting cases)); *see also Eloi*, 2007 WL 4686489, at *2 ("The plaintiff has brought suit against the Manchester Police Department. Municipal police departments, however, do not constitute an independent legal entity amenable to suit. Accordingly, the plaintiff's claims against the Manchester Police Department must be dismissed.").

Accordingly, Mr. Raymond's Complaint, which brings claims only against Manchester Police Department, a municipal police department that is not a proper entity to suit, will be dismissed.[2]

### B.  The Failure to State a Claim

Even though Mr. Raymond lacks a viable claim against the Manchester Police Department, the only entity sued in his Complaint, the Court will consider whether Mr. Raymond may have survived a motion to dismiss on the excessive force, false arrest, and malicious prosecution claims against the individuals involved in his arrest and charges.

Though Mr. Raymond provides scant details about his arrest in his Complaint, his allegations of having a taser used against him during his arrest may be sufficient to survive a motion to dismiss for an excessive force claim against the officer who tazed him. *See Davis v. Rodriguez*, 364 F.3d 424, 431 (2d Cir. 2004) ("To establish a claim of excessive force, 'a plaintiff must show that the force used by the officer was, in light of the facts and circumstances confronting him, 'objectively unreasonable' under Fourth Amendment standards.'" (citation omitted)).

---

[2] Although Mr. Raymond may not sue the Manchester Police Department, he may, however, bring suit against the individual officers involved in his arrest, as discussed below, or against the Town of Manchester. To bring suit against the Town of Manchester, it is not sufficient for Mr. Raymond to simply state that employees of the city violated his rights, rather, Mr. Raymond must demonstrate that the city's "policy or custom" caused a deprivation of his rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *see also Albert v. City of Hartford*, 529 F. Supp. 2d 311, 329 (D. Conn. 2007) ("A plaintiff may satisfy the 'policy, custom or practice' requirement by demonstrating in one of four ways: (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the [plaintiff's] civil rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive notice knowledge of policy-making officials; or (4) a failure by official policy makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact" (citations omitted) (alteration in original)). No allegations have been made in Mr. Raymond's Complaint—nor can this pleading be plausibly construed as making—to suggest a viable *Monell* claim against the Town of Manchester.

But Mr. Raymond has failed to state a claim for false arrest or malicious prosecution. To plead a claim for false arrest and malicious prosecution under federal and Connecticut law, a plaintiff must, among other requirements, plausibly allege that there was not probable cause for his arrest. *See Conroy v. Caron*, 275 F. Supp. 3d 328, 348 (D. Conn. 2017) ("To prevail on a claim of false arrest, a plaintiff must show that '(1) the defendant intentionally arrested him [or her,] or had him [or her] arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent to the arrest; and (4) the arrest was not supported by probable cause.'" (quoting *Sharnick v. D'Archangelo*, 935 F.Supp.2d 436, 443 (D. Conn. 2013) (alterations in original)); *Harasz v. Katz*, 239 F. Supp. 3d 461, 477 (D. Conn. 2017) (""[T]he plaintiff in an action for malicious prosecution must establish each of these elements: '(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice.'" (quoting *Turner v. Boyle*, 116 F.Supp.3d 58, 85 (D. Conn. 2015))).

Here, Mr. Raymond fails to plead facts suggesting that his arrest was without probable cause. *See United States v. Cole*, 26 F. App'x 45, 46–47 (2d Cir. 2001) ("Probable cause exists if police officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient in themselves to warrant a person of reasonable caution in the belief that (1) an offense has been or is being committed (2) by the person to be arrested." (citation omitted)). Mr. Raymond does not provide any details about the events leading up to his arrest, nor does he state what charges he was arrested for in his Complaint. Mr. Raymond must provide more than allegations that the arrest was "false" to show that his arrest was without probable cause.

Accordingly, even if Mr. Raymond had alleged claims for malicious prosecution or false

arrest, his allegations would have been insufficient to survive a motion to dismiss.

### C.  Leave to Amend

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course no later
> than: (A) 21 days after serving it, or (B) if the pleading is one to
> which a responsive pleading is required, 21 days after service of a
> responsive pleading or 21 days after service of a motion under Rule
> 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the

opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court

should freely give leave when justice so requires." *Id.* The district court has broad discretion to

decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien

Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]

futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l

Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting that leave to amend may be

denied when amendment is "unlikely to be productive," such as when an amendment is "futile"

and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"). "[A] motion for

leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Phillip

Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d

Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 ("Therefore, because the proposed

amendments would have no impact on the basis for the district court's dismissal and would

consequently be futile, the district court did not abuse its discretion in denying [the plaintiff] leave to amend." (citing *Ellis*, 336 F.3d at 127)).

As discussed above, because Manchester Police Department is a municipal police department, it is not the proper entity for Mr. Raymond's claims and any claims against him must fail. As a result, it would be futile to permit Mr. Raymond to file an Amended Complaint against the Manchester Police Department.

Accordingly, the Court denies leave to amend his Complaint as to any claim brought against the Manchester Police Department. This denial, however, does not bar Mr. Raymond from seeking to bring claims against the individual officers allegedly involved in his arrest, or if he can satisfy the necessary elements identified herein—in footnote 2—a *Monell* claim against the Town of Manchester.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**.

Mr. Raymond's claims against Manchester Police Department are dismissed with prejudice.

To the extent that Mr. Raymond can remedy the deficiencies identified in this Complaint, he may seek leave to file an Amended Complaint by **January 10, 2025**, and attach any proposed Amended Complaint to that motion. If he fails to move for leave to file an Amended Complaint by **January 10, 2025**, or seeks such leave and fails to attach the proposed Amended Complaint to that motion by **January 10, 2025**, this case will be dismissed with prejudice.

**SO ORDERED** at New Haven, Connecticut, this 6th day of December, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE